In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-318 CR


____________________



DAVID LEE HANCOCK, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B050203-R






MEMORANDUM OPINION


 David Lee Hancock pled guilty to the indictment for criminal mischief. See Tex. Pen.
Code Ann. § 28.03 (Vernon Supp. 2006). The State abandoned its enhancement allegations
and the parties both recommended the punishment be reduced to a misdemeanor, but the
parties represented to the trial court that the plea was not being made pursuant to a plea
bargain agreement. See Tex. Pen. Code Ann. § 12.44 (Vernon Supp. 2006). The trial court
admonished Hancock. See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2006). 
Hancock signed a judicial confession. The trial court convicted Hancock, assessed
punishment at confinement in the county jail for 120 days, and ordered Hancock to pay
restitution in the amount of $500.

 Hancock is not represented by counsel on appeal. He retained counsel to represent
him in the trial court and did not claim indigence either in the trial court or on appeal. 
Hancock failed to file a brief on appeal. On January 25, 2007, we ordered a hearing to
determine whether Hancock desired to prosecute his appeal. Hancock did not appear at the
hearing. The trial court found that Hancock had served his sentence and been released from
the jail, that Hancock was notified of the hearing but failed to appear, and found that
Hancock no longer desires to prosecute his appeal. Upon receiving the supplemental clerk's
and reporter's records, we reinstated the appeal and submitted the appeal without briefs. See
Tex. R. App. P. 38.8(b)(4).

 We have examined the record for fundamental error, and find none. We note that the
written judgment states there was a plea bargain agreement but the parties and the court
stated in open court that no plea bargain agreement existed. The judgment of the trial court
is modified to reflect that the appellant's guilty plea was an unagreed plea. As modified, the
judgment is affirmed.

 AFFIRMED AS MODIFIED.



 _____________________________

 STEVE McKEITHEN

 Chief Justice

Submitted on April 12, 2007

Opinion Delivered April 25, 2007

Do Not Publish

Before, McKeithen, C.J., Kreger and Horton, JJ.